IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

           Plaintiff,

vs.                              Case No. 20-3096-SAC

SAM KLINE, et al.,

           Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration at the El Dorado Correctional Facility (EDCF) in the Kansas Department of Corrections. He brings this case pursuant to 42 U.S.C. § 1983. His complaint also mentions the Rehabilitation Act, 29 U.S.C. § 794 and the Americans with Disabilities Act, 42 U.S.C. §§ 12131-33. This case is before the court for screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not

1

relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

The complaint is 43 pages with 134 pages of exhibits. It does not separate plaintiff's claims into specific counts. It is

3

repetitive in places and difficult to follow at times. Upon review, it appears that plaintiff makes four types of claims in his complaint: 1) the denial of medical treatment after falling in the shower; 2) dangerous conditions in the shower; 3) denial of law library access; and 4) disability discrimination. He asserts these claims as violations of his constitutional rights under the Eighth Amendment, the Due Process Clause, and the Equal Protection Clause. These claims may be brought pursuant to 42 U.S.C. § 1983. As mentioned, he also asserts violations of the Americans with Disabilities Act and the Rehabilitation Act.

Plaintiff names the following persons as defendants: Sam Kline, the warden at EDCF; Douglas W. Burris, a KDOC official; William Wade, Corizon Regional Medical Director; Dr. Gordon Harrod, a Corizon employee; and "Mrs. Boss", who plaintiff lists as "CCI classification." Doc. No. 1, p. 1. The defendants are sued in their official and individual capacities.

III. Denial of medical treatment

Plaintiff makes the following allegations (which the court has paraphrased) regarding the denial of medical treatment:[1]

> p. 4 – defendants denied Mr. Simmons medical treatment, MRI, more x-rays and denied him to see a specialist for his serious medical problems when he fell in the shower and injured his back;
>
> p. 19 – after plaintiff fell in the shower and injured himself he was told to put in a sick call and it took

---

[1] The page numbers are what plaintiff has used in Doc. No. 1 and do not correspond with the page numbers for the electronically filed document.

two weeks to see the nurse and a fungal skin infection spread over part of Mr. Simmons' body;

p. 20 – plaintiff had uncontrollable muscle spasms in the lower back, headaches, weakness in the legs, cramping and numbness over the right thighs, chronic pain from his upper neck down his right arm and right legs, chronic back pain, chronic neck pain due to damage to the nervous system and degenerative disc disease;

p. 20 – a doctor said that plaintiff suffered a lumbar sprain in the fall, a fracture, and dislocation of the hip and lower back;

p. 22 – plaintiff claims that each named defendant knew of plaintiff's medical history and condition because it is readily accessible in the KDOC computer;

p. 22 – William Wade and "Harrod C. Gordon" acted with deliberate indifference when medical attention was denied . . . Warden Sam Cline and Mrs. Boss and Mr. Burris knew about his serious medical need and acted with deliberate indifference;

p. 22 – plaintiff did not receive adequate medical treatment from Corizon's regional medical director ignoring obvious serious harm to plaintiff and deliberately disregarding that risk to plaintiff;

p. 23 – defendants participated directly in the alleged constitutional violations, the defendants after being informed of the violation through a report or appeal failed to remedy the problem, the defendants created a policy or custom under which unconstitutional practices occurred or alleged the continuance of such a policy or custom, the defendants were grossly negligent in supervising subordinates who committed the wrongful acts, and the defendants exhibited deliberate indifference to the plaintiff's rights by failing to act upon information indicating that unconstitutional acts were occurring and failed to remedy continuing wrongs after learning of the violations;

p. 24 – Mr. Simmons claims that Warden Sam Cline, Mrs. Boss, Mr. Burris and Dr. "Harrod C. Gordon" and Dr. "Wade Williams" knew of the serious pain Mr. Simmons was suffering in August and October 2019 when plaintiff wrote and talked to them in administrative grievances

and appeals. The defendants refused to provide medical care and reasonable accommodation for plaintiff's disabilities for two years;

p. 28-29 – Defendants Cline, Burris, Boss, Wade and Gordon were personally involved as set forth herein and were responsible for the safekeeping of Mr. Simmons. They were deliberately indifferent and grossly negligent while Mr. Simmons was in their care and custody.

p. 29 – Defendant Cline failed to make sure that Mr. Simmons received medical treatment prescribed by a physician.

To state an Eighth Amendment claim for an unconstitutional denial of medical care, plaintiff must allege omissions or acts which are sufficiently harmful to suggest deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). This standard has an objective and a subjective component. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)). The provision of medical care, even if grossly negligent, does not violate the Eighth Amendment unless, judged objectively, it is responding to a sufficiently serious medical need. This means that the medical need "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (interior quotation omitted). "A delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm" which "may be satisfied by lifelong

handicap, permanent loss, or considerable pain." Id. (interior quotation omitted).

The subjective part of the deliberate indifference test "requires the plaintiff to present evidence" that an official "'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.'" Id., quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court in Farmer "analogized [the deliberate indifference] standard to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm." Id. at 752. This may be demonstrated with circumstantial evidence. Id.

Plaintiff makes a vague claim that he was denied needed medical care in the form of an MRI, x-rays, and referral to a specialist after he fell in the shower on October 2, 2019. He also claims that it was two weeks after the fall in the shower before he saw a nurse. Plaintiff's exhibits, however, show that plaintiff was given medical treatment on October 3, 2019.[2] Doc. No. 1-1, p. 125.

---

[2] Plaintiff also received medical attention on October 11, 2019, November 12, 2019 and December 4, 2019. Doc. No. 1-1, p. 126-28.

As for the MRI, x-rays and referral to a specialist, plaintiff does not specifically allege that a defendant named in the complaint denied this care or when it was denied.  Nor does he allege that he suffered a specific injury because he was denied this care.  Also, he does not allege facts showing that an individual defendant who denied this care did so with an awareness that it would create a substantial risk of serious harm to plaintiff.

As for the alleged two-week delay in seeing a nurse after plaintiff fell in the shower, plaintiff does not allege facts showing that any named defendant was responsible for this delay.

Since plaintiff does not allege that defendants had direct personal contact with plaintiff, plaintiff's claim appears to be based upon supervisory liability.  "Supervisory liability allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements a policy which subjects, or causes to be subjected, that plaintiff to the deprivation of any rights secured by the Constitution." Cox v. Glanz, 800 F.3d 1231, 1248 (10th Cir. 2015)(interior quotations omitted).  The necessary affirmative link between the supervisor and the alleged constitutional injury requires:  1) personal involvement; 2) causal connection; and 3) culpable state of mind. Id. (quoting Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010)). Plaintiff does not allege facts, as opposed to conclusions, which

8

demonstrate that an individual defendant was responsible for a policy which caused a delay in plaintiff's receipt of needed care for a serious medical issue or that a defendant acted with deliberate indifference to the consequences.

For these reasons, plaintiff has not stated an Eighth Amendment claim for the denial of medical care.

IV. Dangerous conditions

A. Slip and fall

Plaintiff appears to be claiming that slippery conditions in a shower without mats, handrails or other safety precautions to mitigate the danger, violated the Eighth Amendment. The Tenth Circuit has held that such facts do not describe a violation of the Eighth Amendment, even for an inmate using crutches who had warned prison officials several times of the danger. Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004); see also Coleman v. Sweetin, 745 F.3d 756, 764-65 (5th Cir. 2014)(allegation of multiple falls in prison shower by inmate using crutches does not avoid general rule that prison slip and fall incidents are not constitutional violations); Pyles v. Fahim, 771 F.3d 403, 410-11 (7th Cir. 2014)(wet stairs used to access showers, of which there had been complaints, did not constitute a hazardous condition of confinement); Flandro v. Salt Lake County Jail, 53 Fed.Appx. 499 (10th Cir. 2002)(slip and fall on soapy shower floor did not state an Eighth Amendment claim, despite serious injury); Wright v.

9

Eichinger, 2019 WL 6612247 (D.Kan. 12/5/2019)(slip and fall where inmate had repeatedly requested that rubber mats be returned to the shower).

### B. Black mold

Plaintiff names three supervisory officials with the Kansas Department of Corrections (Cline, Burris, and "Boss") who he apparently claims are responsible for the conditions of confinement at KDOC. As stated above, "A plaintiff must satisfy 'three elements ... to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.'" Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014)(quoting Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767 (10th Cir. 2013)).

Plaintiff does not allege facts showing these defendants were personally involved with black mold issues; that their actions caused the black mold problems; or that they acted with deliberate indifference to a substantial health risk to plaintiff from black mold. Plaintiff's exhibits indicate that plaintiff made complaints about black mold and health issues stemming from exposure to black mold.[3] These records do not show do not provide

---

[3] One of plaintiff's exhibits (Doc. No. 1-1, p. 117) shows that defendant Burris received a complaint from plaintiff regarding a rash and a request for medical records. It is indicated on the exhibit that plaintiff received treatment for the rash and that no further treatment is necessary. Another exhibit (Doc. No. 1-1, p. 121) shows that defendant Cline received an "emergency grievance" which

10

sufficient grounds for a plausible claim of supervisory liability. Cf. Vega v. Davis, 572 Fed.Appx. 611 (10th Cir. 7/22/2014)(dismissing claim against prison warden for deliberate indifference to suicidal inmate's serious medical needs upon findings that warden's general responsibility, his visit to the control unit where the inmate was incarcerated, his access to inmate records and other information, his power to authorize transfer of inmates to medical facilities, and his alleged failure to implement suicide prevention programs in spite of prior suicides at the facility, did not plausibly suggest that the warden knew enough to be deliberately indifferent to plaintiff's alleged mistreatment).

V. Law library access

Plaintiff alleges he has been denied access to the law library because of his disability. Doc. No. 1, p. 12 (of the electronically filed copy). The court construes this as an access to the courts claim. In order to bring a civil rights claim under § 1983 for the denial of a right of access to the courts, plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996)(a prisoner does not have "an abstract, freestanding right to a law library or legal

---

he did not deem to be an emergency and forwarded to the medical provider for EDCF.

assistance" and therefore "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); Brooks v. Colorado Dept. of Corrections, 762 Fed.Appx. 551, 558-59 (10th Cir.) cert. denied, 140 S.Ct. 207 (2019)(general allegations of interference with ability to bring legal claims do not suffice to show denial of access to the courts); McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001)(plaintiff must do more than make a conclusory allegation that library and resources were inadequate). Here, plaintiff does not allege facts plausibly describing a nonfrivolous legal claim which has been frustrated or impeded by a lack of access to courts or which may be lost by such a lack of access.

## VI. Due process

The Due Process Clause protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. Amend XIV. Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Plaintiff's allegations do not show how his liberty or property have been deprived from plaintiff without due process of law. Nor do plaintiff's conclusory claims describe how a named defendant caused a due process violation. For these reasons, the court finds that plaintiff has failed to state a claim for a due process violation.

VII. ADA and Rehabilitation Act claims

The court interprets plaintiff's ADA claims as alleging a violation of Title II of that statute.[4]  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To establish a claim under Title II, plaintiff must allege that:  1) he is a qualified individual with a disability; 2) that he has been excluded from meaningful participation in or denied the benefits of a public entity's services, programs or activities; and 3) such exclusion, denial or benefits or discrimination was by reason of a disability. Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007).  This requires factual allegations showing that the entity has knowledge that an individual requires an accommodation of some kind to participate in or receive the benefits of its services, programs or activities.  Id. at 1197.

Plaintiff's complaint is rambling, difficult to follow and fails to give fair notice of his claims.  He does not plainly allege the services, benefits or activities from which he has been

---

[4] The court construes plaintiff's claims under the ADA and Rehabilitation Act together because § 504 of the Rehabilitation Act and Title II of the ADA "involve the same substantive standards." Miller ex rel. S.M. v. Board of Educ., 565 F.3d 1232, 1245 (10th Cir. 2009).

13

meaningfully excluded because of his disability, how he was excluded, the degree or length of exclusion, when this occurred, or exactly what accommodations he has requested to give him access. He alleges somewhat generally that he has missed meals, desires greater access to the law library, and would like a shower chair, a vibrating watch, a magnifying glass, a flat-hand cane and some other accommodations, such as a TTY.  But, his specific claims of a denial of services, benefits or activities without his proposed accommodations are not clear, particularly when his allegations and exhibits indicate that he has a hearing aid, he has access to the law library, he has eaten the great majority of his meals, and he has access to a shower and a shower chair.

 The court shall ask plaintiff to clarify his ADA claims in an amended complaint before the court completes the screening process in this case.  See Mason v. Corr. Med. Servs., Inc., 559 F.3d 880, 888 (8th Cir. 2009)(plaintiff must specify a benefit to which he was denied meaningful access); see also Jenkins v. Colo. Dept. of Social Services, 1999 WL 542572 *1 (10th Cir. 1999)(dismissing complaint from which the court cannot discern the precise basis for plaintiff's allegations or against whom she directs the charges of wrongdoing); Gibson v. City of Cripple Creek, 1995 WL 94483 (10th Cir. 1995)(dismissing rambling, disjointed and vague complaint).

VIII. Equal protection

An equal protection claim asserting disability discrimination requires rational-basis review.  Marks v. Colorado Dept. of Corrections, 958 F.3d 1001, 1012 (10th Cir. 2020).  The decision of the prison authorities is presumed valid.  Id.  So, the court must approve the decision if the court "can imagine 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'"  Id., quoting Teigen v. Renfrow, 511 F.3d 1072, 1083 (10th Cir. 2007).  "Rational" actions suffice to meet the standard.  Id.  In a situation involving an alleged failure to accommodate an employee's disability, the Tenth Circuit has noted that courts have suggested that the Equal Protection Clause does not apply.  Ragsdell v. Regional Housing Alliance, 603 Fed.Appx. 653, 655 (10th Cir. 2015)(citing Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367-68 (2001), Welsh v. Tulsa, 977 F.2d 1415, 1420 (10th Cir. 1992) and Erickson v. Bd. of Govs. of State Colls. & Univs. for Ne. Ill. Univ., 207 F.3d 945, 949 (7th Cir. 2000)).  On the basis of this case authority, the court finds that plaintiff has failed to state an equal protection violation.

IX. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a federal claim for relief under § 1983 against the named defendants and denies without prejudice any request for a preliminary injunction which may be contained within

the complaint. The court further finds that plaintiff should clarify his claims under the ADA and the Rehabilitation Act. The court shall direct that plaintiff by July 6, 2020 file an amended complaint which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge