IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

                Plaintiff,

vs.                                    Case No. 20-3096-SAC

SAM CLINE, et al.,

                Defendants.

## O R D E R

Plaintiff is an inmate at El Dorado Correctional Facility (EDCF). This matter is before the court for the purpose of screening plaintiff's amended complaint. Doc. No. 7. The court applies the standards set out in the court's first screening order. Doc. No. 6, pp. 1-3.

I. Amended complaint

Plaintiff names the following defendants in the amended complaint: Sam Cline, Warden at EDCF; Douglas Burris, a KDOC official responsible for safekeeping and classification of inmates; Corizon Health, Inc., the health care provider at EDCF; "Wade Williams", Medical Director for Corizon Regional Medical Director; "Harrod C. Gordon", Corizon Regional Medical Director; and (fnu) Bos, a KDOC official responsible for discipline,

1

safekeeping and supervision of plaintiff.[1]  The court has included the position descriptions plaintiff has used in the amended complaint.  Plaintiff lists 19 counts in the amended complaint, many of which seem duplicative.

Generally, there are four subjects raised in the amended complaint:  1) plaintiff's rights to accommodations as a disabled person; 2) problems with black mold in the showers at EDCF; 3) inadequate medical care; and 4) plaintiff's slip and fall incidents in the shower.

## II.  Rights to accommodations for plaintiff's disabilities

Plaintiff alleges that he is deaf and blind and has difficulty walking.  In Counts 1-9 and 17, plaintiff alleges the failure to make accommodations for these disabilities has violated his rights under federal statutes (the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-33, and the Rehabilitation Act, 29 U.S.C. § 794) and the Constitution.

### A.  ADA and Rehabilitation Act

The court finds that plaintiff has stated a plausible claim for a violation of the ADA and the Rehabilitation Act.[2]  The following case law, however, indicates that plaintiff's claims under these statutes against individual defendants in their

---

[1] The court believes the correct names are Gordon Harrod and William Wade instead of "Wade L. Williams" and "Harrod C. Gordon".

[2] As mentioned in the first screening order, the ADA and the Rehabilitation Act have the same standards for liability and are interpreted consistently.  Doc. No. 6, p. 13 n.4.

individual capacities should be dismissed.  See Diemond v. Michigan Dept. of Corrections, 2020 WL 3481540 *8 (6/26/2020)(proper defendant in case alleging claim under ADA and Rehabilitation Act is the public entity or official acting in his official capacity, not individual defendant in individual capacity); Hargrove v. Carney, 2020 WL 1939696 *6 (E.D.Pa. 4/22/2020)(no basis for bringing ADA claims against defendants in their individual capacities); Jardina v. Dept. of Pub. Safety & Corr. Servs., 2018 WL 6621518 *7 (D.Md. 12/18/2018)(may not bring individual capacity action under Title II of ADA); Perros v. Cty. Nassau, 238 F.Supp.3d 395, 402 (E.D.N.Y. 2017)("it is well-established that there is no individual liability under the ADA or the Rehabilitation Act"); Rix v. McClure, 2011 WL 166731 *8 (D.Kan. 1/19/2011)(doctor is not a "public entity" and thus not liable under the ADA).  Similarly, case law supports dismissing plaintiff's ADA and Rehabilitation Act claims against Corizon.  See Matthews v. Pennsylvania Dept. of Corrections, 613 Fed.Appx. 163, 169 (3rd Cir. 2015)(affirming dismissal of similar claims against Corizon); Diemond, supra, (dismissing claim against Corizon); Sosa v. Massachusetts Dept. of Correction, 2019 WL 3557701 *3 (D.Mass. 8/2/2019)(same ruling regarding private health provider to state prison); McIntosh v. Corizon, 2018 WL 1456229 *8 (S.D.Ind. 3/23/2018)(same ruling as to ADA and Rehabilitation Act claims against Corizon).

B. <u>Constitutional claims</u>

Plaintiff's constitutional claims under the Eighth Amendment (alleging cruel and unusual punishment) and the Fourteenth Amendment (alleging a violation of due process and equal protection rights) are subject to dismissal.

The Eighth Amendment prohibits "cruel and unusual punishments." It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)(quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). Two requirements must be met for an Eighth Amendment violation: first, the act or omission must be objectively considered a denial of "'the minimal measure of life's necessities'"; and second, the action must be taken with a deliberate indifference to an inmate's health or safety. <u>Id.</u> at 834 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)). In general, plaintiff seeks the provision of: a sign language interpreter, a teletypewriter or similar device, a vibrating watch, a magnifying glass, and devices for safer shower access. Plaintiff does not allege facts, however, which demonstrate that the denial of these devices or services is inhumane or deprives plaintiff of the minimal measure of life's necessities.

4

As the court stated in the first screening order (Doc. No. 6, p. 12), the Due Process Clause protects against the deprivation of liberty or property without due process of law, which is a flexible concept depending upon the particular situation. Plaintiff alleges in Count 3 that his due process rights have been violated because he did not have a sign language interpreter during three disciplinary hearings. Plaintiff, however, does not allege that he was deprived of a liberty or property interest as a result of the disciplinary hearings. Therefore, he has not alleged a plausible due process violation.

The court also addressed plaintiff's equal protection claims in the first screening order. Doc. No. 6, p. 15. The court stated:

> An equal protection claim asserting disability discrimination requires rational-basis review. Marks v. Colorado Dept. of Corrections, 958 F.3d 1001, 1012 (10th Cir. 2020). The decision of the prison authorities is presumed valid. Id. So, the court must approve the decision if the court "can imagine 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" Id., quoting Teigen v. Renfrow, 511 F.3d 1072, 1083 (10th Cir. 2007). "Rational" actions suffice to meet the standard. Id. In a situation involving an alleged failure to accommodate an employee's disability, the Tenth Circuit has noted that courts have suggested that the Equal Protection Clause does not apply. Ragsdell v. Regional Housing Alliance, 603 Fed.Appx. 653, 655 (10th Cir. 2015)(citing Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367-68 (2001), Welsh v. Tulsa, 977 F.2d 1415, 1420 (10th Cir. 1992) and Erickson v. Bd. of Govs. of State Colls. & Univs. for Ne. Ill. Univ., 207 F.3d 945, 949 (7th Cir. 2000)).

Plaintiff's amended complaint makes conclusory claims of a denial of equal protection, but fails to allege facts plausibly showing the decisions to deny accommodations lacked a rational basis. Therefore, the amended complaint fails to state a plausible equal protection claim.

III. Black mold

In Counts 10-12, 14, and 18, plaintiff alleges health problems from black mold in the showers at EDCF.[3] Plaintiff does not make allegations showing that any defendant other than defendant Cline was responsible for the shower conditions at EDCF. Therefore, it appears that that the complaint fails to state a claim regarding black mold against a defendant other than defendant Cline. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(direct personal responsibility for claimed deprivation of constitutional right must be established for § 1983 liability).

IV. Medical care

In Counts 13, 17 and 19, plaintiff alleges inadequate medical care. In Count 13, plaintiff claims that a cream he was given for skin treatment did not work and that he still has a debilitating rash. Doc. No. 7, ¶ 50. He asserts that an additional examination by a dermatologist and new treatment was denied by defendants Wade and Harrod. Id. at ¶ 51. In Count 17, plaintiff makes general

---

[3] The health problems include bloody noses, difficulty breathing, dizziness, anxiety headaches, blurred vision, sinus problems, chest pain, asthmatic attack, itchy skin, and respiratory infection.

assertions about being denied information and chronic care, and being denied drug treatment by a nurse for a rash and black mold infection. Id. at ¶¶ 74-75. Finally, Count 19, which is labelled a "medical malpractice claim" asserts that defendants Cline and Corizon failed to notify plaintiff of a black mold infection and failed to give treatment to cure the infection.

The amended complaint fails to allege facts which describe what a named defendant did to violate plaintiff's Eighth Amendment right to a minimal level of medical care or to violate a state law duty against negligent care. The closest plaintiff comes to doing so, is a claim that Dr. Harrod and Dr. Wade denied additional treatment for plaintiff. But, plaintiff does not state when this happened, exactly what treatment was denied, how it would have helped plaintiff, what symptoms plaintiff was exhibiting to the defendants, or what treatment and monitoring he was receiving. He also does not state when or if he was examined by Dr. Harrod or Dr. Wade, or facts showing whether they were aware that their actions subjected plaintiff to a substantial risk of physical harm. Plaintiff does make reference to being seen by a nurse, and his exhibits to the original complaint indicate that he was seen by medical providers several times, received fungal cream and that a determination was made that no additional treatment or referral was needed. See Doc. No. 1-1, pp. 117-128.

Plaintiff's allegations, viewed in the context of his exhibits, are no improvement upon the allegations in the original complaint which, as the court explained in the first screening order (Doc. No. 6, pp. 4-8), fail to state a plausible constitutional claim. The allegations are also insufficient to give fair notice of a negligence claim against a specific defendant.

## V. Slip and fall

In Counts 15-17, plaintiff alleges that he was injured after falling twice in the shower. His injuries were allegedly exacerbated by black mold in the shower. As explained in the first screening order (Doc. No. 6, pp. 9-10), plaintiff's allegations that he slipped and fell twice in the shower fail to allege an unconstitutional condition of confinement.

## VI. Conclusion

For the reasons stated herein, as regards plaintiff's amended complaint (Doc. No. 7), the court shall direct plaintiff to show cause why the court should not dismiss all of plaintiff's claims except his claims under the ADA and Rehabilitation Act against defendant Cline in his official capacity,[4] and his § 1983 black mold condition of confinement claims against defendant Cline in his individual and official capacities. In the alternative,

---

[4] It would be duplicative to sue any other state officer in his or her official capacity under the ADA and the Rehabilitation Act.

plaintiff may file a second amended complaint.   A response to this show cause order or a second amended complaint must be filed by August 19, 2020.

The court also finds that plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 3) is moot.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge