IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

        Plaintiff,

vs.                             Case No. 20-3096-SAC

SAM CLINE, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration at the El Dorado Correctional Facility (EDCF). This matter is before the court for the purpose of screening plaintiff's second amended complaint. Doc. No. 10. The court applies the standards set out in the court's first screening order. Doc. No. 6, pp. 1-3.

I. The second amended complaint

Plaintiff names the following defendants in the caption and on p.3 of the second amended complaint: Sam Cline, Warden at EDCF; Douglas Burris, a KDOC official in Topeka, Kansas responsible for safekeeping and classification of inmates; Corizon Health, Inc., the health care provider at EDCF; "Wade Williams", Medical Director for Corizon; "Harrod C. Gordon", Corizon Regional Medical Director; and (fnu) Bos, a KDOC official responsible for discipline, safekeeping and supervision of plaintiff. Elsewhere

1

in the second amended complaint, plaintiff refers to "Dr. Harrod" and "Dr. Wade." The court believes the correct names are Dr. Gordon Harrod and Dr. William Wade. The above-listed position descriptions are those plaintiff has used in the second amended complaint.

Plaintiff has utilized a form for bringing a claim under 42 U.S.C. § 1983 action and supplemented it greatly. In addition to § 1983 claims, he alleges claims under the ADA and the Rehabilitation Act, as well as the Kansas Tort Claims Act. Doc. No. 10, p. 2.

Plaintiff alleges that he is deaf and blind and has difficulty walking. As with plaintiff's previous complaints in this case, there are four main subjects raised in the second amended complaint: 1) plaintiff's rights to accommodations as a disabled person; 2) problems from black mold in the showers at EDCF; 3) inadequate medical care; and 4) plaintiff's slip and fall incidents in the shower.

## II. Counts 1, 3 and 4

Counts 1, 3 and 4 of the second amended complaint allege that plaintiff's constitutional rights were violated when he was not provided a sign language interpreter for disciplinary hearings and medical appointments. Plaintiff also complains that he has not been provided a vibrating watch, a magnifying glass to watch

television, "TTY",[1] "TDD",[2] a flat-hand cane, and a medical chair and shower rail.  As explained in the court's previous screening orders (Doc. No. 6, pp. 12 and 15, and Doc. No. 9, pp. 4-6) plaintiff's allegations fail to state a plausible claim for cruel and unusual punishment or the denial of due process[3] and equal protection.

III. Counts 2 and 5

Counts 2 and 5 allege a violation of the Eighth Amendment and of the ADA and the Rehabilitation Act.  As the court held in the previous screening order (Doc. No. 9, pp. 2-3 and 8), plaintiff has stated a plausible claim for a violation of the ADA and the Rehabilitation Act, but these claims may be brought only against defendant Cline in his official capacity.  The court has ruled against plaintiff's Eighth Amendment claims as they relate to a failure to provide accommodations for plaintiff's disabilities.

IV. Other claims

Starting at page 18 of Doc. No. 10 and continuing until the end of the second amended complaint, plaintiff raises claims regarding: black mold in the showers as an unconstitutional condition of confinement or the result of negligence; a slippery shower floor as an unconstitutional condition of confinement or

---

[1] Teletypewriter.
[2] Telecommunications Device for the Deaf.
[3] Plaintiff makes a conclusory allegation that he suffered a loss of a liberty and/or property interest without due process, but he fails to support this allegation with any specific facts.

the result of negligence; and plaintiff's lack of medical treatment as a constitutional violation or negligence. Plaintiff does not designate these claims as a "count" of the second amended complaint.

The court shall permit plaintiff's black mold claims to proceed against defendant Cline. Plaintiff has not made anything other than conclusory claims that the other defendants are responsible for the black mold conditions. See Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(direct personal responsibility for claimed deprivation of constitutional right must be established for § 1983 liability). The court shall permit plaintiff's slip and fall claims to proceed as negligence claims against defendant Cline in his individual capacity. A claim against Cline or another state officer in an official capacity is barred from federal court under the Eleventh Amendment. Damnjanovic v. Saint Francis Ministries, Inc., 2019 WL 4536301 *2 (D.Kan. 9/19/2019)(applying Eleventh Amendment to bar KTCA claim); Ndefru v. Kansas State University, 814 F.Supp. 54, 56 (D.Kan. 1993)(same); Richardson-Longmire v. State Adjutant General, 1999 WL 156168 *7-8 (D.Kan. 3/8/1999) aff'd, 1999 WL 1032975 (10th Cir. 1999) cert. denied, 520 U.S. 1266 (2000)(applying bar to state statutory claim). As explained in the court's first screening order, Doc. No. 6 at pp. 9-10, plaintiff's slip and fall allegations do not rise to the level of a constitutional claim.

As for plaintiff's lack of medical treatment claims, the court shall permit these claims to proceed as § 1983 claims against defendants Harrod and Wade in their individual capacities and as negligence claims against defendants Harrod, Wade and Corizon. Plaintiff's allegations do not plausibly demonstrate that other defendants are responsible for a lack of medical care or acted with the relevant intent.

## V. Conclusion

The court shall dismiss the following claims and parties. Defendants Burris, Bos, and the Regional Medical Director of Corizon shall be dismissed from this case. The court shall dismiss plaintiff's § 1983 claims alleging: a failure to accommodate plaintiff's disabilities; a denial of due process; a denial of equal protection; and conditions of confinement causing plaintiff to slip and fall. On the basis of these rulings, Counts 1, 3 and 4 shall be dismissed. Plaintiff's ADA and Rehabilitation Act claims in Counts 2 and 5 are permitted to proceed only against defendant Cline in his official capacity. Any other claims within Counts 2 and 5 are dismissed.

As for plaintiff's unnumbered claims at pp. 18-35 of the second amendment complaint, any KTCA claims against a state agency or officer in his official capacity are dismissed without prejudice. Plaintiff's § 1983 lack of medical care claims are permitted to proceed only against defendants Harrod and Wade in

their individual capacities.  Plaintiff's medical negligence claims are permitted to proceed against defendant Harrod, Wade and Corizon Health, Inc.  Plaintiff's § 1983 black mold claims are permitted to proceed only against defendant Cline in his individual capacity.  Otherwise, the claims are dismissed.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2020, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge