## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

      Plaintiff,

      v.

      Case No. 20-3096-DDC-ADM

SAM CLINE, *et al.*,

      Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff Willie Simmons' Motion for a Medical Malpractice Screening Panel.  (ECF 8.)  Simmons has filed a broad complaint alleging violations of the Americans with Disabilities Act, a claim under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights, a negligence claim, and a separate medical malpractice claim.  (ECF 10.) Simmons filed the present motion on July 2, 2020, and this case was assigned to the undersigned on September 9.  Although none of these defendants have appeared yet or responded to the motion, the court rules without further briefing because Simmons' motion does not demonstrate that he is entitled to the relief sought.  As explained below, the motion is denied as to the corporate defendant Corizon Health, Inc. ("Corizon") and defendant Sam Cline, the warden of the correctional facility where Simmons is housed.  As to the individual medical director defendants, William Wade and Gordon Harrod, Simmons' motion is denied without prejudice to refiling because Simmons' motion and amended complaint are unclear as to what facts he contends give rise to the medical negligence claims against them.  Finally, mindful that Simmons is incarcerated and proceeds pro se, the court wishes to give him fair notice as to what Kansas law would require of him if he files a renewed motion for a screening panel that the court ultimately grants.

## I.       WARDEN CLINE AND CORIZON HEALTH, INC.

Simmons asks the court to convene a medical malpractice screening panel pursuant to KAN. STAT. ANN. § 65-4901.  The Kansas Medical Malpractice Screening Panels Act, KAN. STAT. ANN. § 65-4901, *et seq.*, establishes a mechanism by which the court may convene a screening panel on Kansas medical malpractice claims.

The Act does not authorize the court to convene a panel as to Simmons' claims against Warden Cline for at least two reasons.  First, Simmons does not assert a medical malpractice claim against Warden Cline.  The Act applies to claims for "damages for personal injury or death on account of alleged medical malpractice of a health care provider[.]"   KAN. STAT. ANN. § 65-4901(a).  Although Simmons asserts various other claims against Warden Cline, none are medical malpractice claims.  Second, Warden Cline does not meet the definition of a healthcare provider who is subject to the Act.  *See Webber v. Schmidt*, 2005 WL 2347803, at *4 (Kan. Ct. App. Sept. 23, 2005) (explaining that a medical malpractice screening panel evaluates only the alleged misconduct of healthcare providers and concluding that certified nursing assistants did not meet the definition because they are not professional licensees subject to the Act).

Although Simmons asserts a medical malpractice claim against Corizon, Corizon is not a healthcare provider subject to the Act.  Cases in this district have uniformly concluded that Corizon and its predecessor in interest are not healthcare providers subject to the Act.  *See, e.g.*, *Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 1303966, at *4 (D. Kan. Mar. 19, 2020) (relying on cases from this district to conclude that Corizon was not subject to the Act); *Flores v. Nickelson*, No. 16-3022-JAR-JPO, 2019 WL 1228234, at *4 (D. Kan. Mar. 15, 2019) ("Because Corizon is not an individual licensed to provide medical services, is not owned by physicians, and does not consist of exclusively physician members, it is not a 'health care provider' subject to the

screening panel requirement.  Thus, it appears Corizon is correct that it is not a health care provider for purposes of a malpractice action." (internal quotations omitted)); *Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *4 (D. Kan. Feb. 28, 2018) (relying on the definition of a "health care provider" in the Kansas Health  Care Provider Insurance Availability Act to conclude that Corizon did not meet the definition for the purposes of the Medical Malpractice Screening Panels Act); *Roadenbaugh v. Correct Care Solutions, LLC*, No. 08-2178-CM-GLR, ECF No. 47 (D. Kan. Feb. 24, 2009),  *reconsideration denied*, 2009 WL 735136, at *1 (D. Kan. Mar. 19, 2009) (reaching the same conclusion about Correct Care Solutions, Corizon's predecessor to the KDOC contract).

For these reasons, Simmons' motion is denied to the extent that he moves for a panel as to his claims against Corizon and Warden Cline.

## II.      DEFENDANTS WADE AND HARROD

The court has reviewed the allegations in Simmons' voluminous amended complaint. Simmons alleges that defendants Wade and Harrod are medical directors at the facility that houses him.  But his allegations do not make clear whether they themselves rendered care and treatment to him or made the decision not to do so.  And Simmons' motion does not clarify the issue.  He refers to defendants collectively to describe their "refusal to give him appropriate and timely medical treatment for his requests for reasonable and disability, and degenerative joint disease of the lumbar spine and osteoarthritis in multiple joints and bone on bone . . . lower back pain, heart disease, high blood pressure, leg orthopedic/arthritis and his deaf on reasonable accommodation and his visual defect failure to inform him of the serious medical problem for over 12 year pain and suffering."  (ECF 8, at 1.)  These allegations appear to go beyond the scope of the medical

malpractice claim as pleaded.  (ECF 7, at 16.)  Moreover, they do not make clear how Simmons contends that Wade's and Harrod's actions deviated from the standard of care.

The lack of clarity is significant because a plaintiff must state a medical malpractice claim in order to be entitled to a medical malpractice screening panel.  *See Webber*, 2005 WL 2347803, at *3 ("Obviously, a medical malpractice cause of action is a condition precedent to convening a medical malpractice screening panel.").  In an unpublished case, the Kansas Court of Appeals found that a plaintiff must satisfy each of the elements of a medical malpractice claim to be entitled to a medical malpractice screening panel, even for panels convened pre-suit.  *See id.*  This includes the existence of a doctor-patient relationship that gives rise to the duty a doctor owes the patient. *Id.*  Here, it is unclear what alleged roles Wade and Harrod played in Simmons' care and treatment—whether they acted as his physicians or filled supervisory roles at the facility. Moreover, Simmons' list of physical ailments in no way puts the court, prospective panelists, or defendants on notice of the ways in which Simmons may contend that Wade and Harrod deviated from the standard of care in ways that resulted in injuries to Simmons.  Without more clear allegations concerning the specific way(s) in which Simmons contends each defendant deviated from the standard of care, any medical malpractice screening panel would be left with an amorphous assignment at best.  For these reasons, the court denies Simmons' motion without prejudice to refiling.  Any renewed motion must make clear what specific acts support Simmons' medical malpractice claim as to Wade and Harrod, and those acts must be allegations that he has pleaded.

For the purpose of any renewed motion, the court will consider the date when Simmons made his original request for a screening panel, May 5. *See* KAN. S.C. RULE 142(c) (stating that

the party must request a screening panel "no later than 60 days after the defendant subject to the screening panel is served with process").

### III.     REQUIREMENTS OF THE PLAINTIFF IF THE COURT CONVENES A PANEL

Because Simmons is currently incarcerated and proceeds pro se, the undersigned encourages him to become familiar with all provisions of the Act and with Kansas Supreme Court Rule 142, which sets forth procedures for state district courts to follow with respect to medical malpractice screening panels.  Judges in this district generally follow the same rules.  Should Simmons file a renewed motion, he should be aware of multiple time-sensitive deadlines that would be triggered by the Act and Rule 142.

For example, within twenty-one days of receiving notice that the court has convened a panel, a plaintiff must designate a healthcare provider to serve on the panel.  KAN. STAT. ANN. § 65-4902.  Within fourteen days after those individual designations, the parties must jointly designate another panel member.  *Id.*  Within thirty days after the court convenes the panel, the plaintiff must provide the chairperson and opposing parties with "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions on which the plaintiff relies."  KAN. S.C. RULE 142(h).  These written contentions must include a statement of factual and legal issues, including citing authority.  KAN. S.C. RULE 142(j).

Simmons would be required to comply with these requirements while litigating this case because the court will not stay proceedings pending a panel's review.  *See Sperry*, 2020 WL 1303966, at *2 (noting a stay is not mandatory when the court convenes a panel; denying a stay where a medical malpractice claim was but one among multiple other claims that are not subject to a screening panel or impacted by its findings).  The panel's review itself has its own limitations. For one, the statute "does not purport to serve as a mechanism for appointing an expert witness for

the benefit of any one party over another, whether plaintiff or defendant, if the case does not settle." *Cox v. Ann*, No. CIV.A. 12-2678-KHV, 2014 WL 1011679, at *1 (D. Kan. Mar. 14, 2014), *objections overruled,* No. 12-2678-DDC-GLR, 2014 WL 12900850 (D. Kan. June 12, 2014). This is because the Act's primary purpose is to encourage early settlement, not to further litigation. *See id.* The Kansas Court of Appeals has summarized the Act's purpose in the following way:

> A screening panel provides no comparable relief for a litigant or prospective litigant. In fact, it does not provide any relief at all. A medical malpractice screening panel is not intended to provide a temporary remedy to the plaintiff. Its decision is not an enforceable judgment. Its decision does not compel settlement of a claim or pending suit. It may be introduced in later proceedings on the claim, but a future factfinder is free to accept or reject its conclusions.

*Macias v. Correct Care Sols., Inc.*, 367 P.3d 311, 316–17 (Kan. Ct. App. 2016).

Finally, the court puts Simmons on notice of the Act's requirement that "costs of the panel including travel expenses and other expenses of the review shall be paid by the side in whose favor the majority opinion is written." KAN. STAT. ANN. § 65-4907(b). If the panel is unable to make a recommendation, then each side pays half the costs. *Id.* Presumably because Simmons asks the court to convene a panel, he believes the majority opinion would be in his favor. But if that occurred, Simmons would be taxed with at least $2,250 in panel member and chairperson fees and any additional reasonable expenses the panel incurs in carrying out its obligations. *See id.; see also* KAN. STAT. ANN § 65-4907(a) (stating that each healthcare provider is paid $500 and that the chairperson is paid $750). If Simmons files a renewed motion, he must state how he would pay for these expenses were he to be taxed with them.

The court does not make these observations to dissuade Simmons from bringing a renewed motion but to put him on notice of the undersigned's expectation that he would timely comply with the requirements of the Act and Rule 142 while simultaneously prosecuting this case.

## IV.       CONCLUSION

The court denies Simmons' motion for a medical malpractice screening panel as to Defendants Cline and Corizon.  The court denies Simmons' motion as to Defendants Wade and Harrod without prejudice.  Any renewed motion as to Wade and Harrod must specify the ways in which each individual allegedly deviated from the standard of care, and those allegations must be limited to the contours of what Simmons has alleged in the amended complaint.  Simmons must also state how he would pay for the cost of the panel were he to be taxed with these expenses.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Medical Malpractice Screening Panel (ECF 8) is denied as to Defendants Sam Cline and Corizon Health, Inc. and denied without prejudice to refiling as to Defendants William Wade and Gordon Harrod.

**IT IS SO ORDERED.**

Dated September 29, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
