IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

    Plaintiff,

    v.

SAM CLINE, *et al.*,

    Defendants.

Case No. 20-3096-HLT-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Willie Simmons' subpoena to Potosi Correction Center ("Potosi"), which the court construes as a motion for issuance of a subpoena. (ECF 60.) For the reasons discussed below, the court denies the motion without prejudice; Simmons may renew his motion in accordance with this order.

Pursuant to FED. R. CIV. P. 45, a party may obtain documents from a non-party via a subpoena. Pro se litigants who are not licensed attorneys do not have the power to issue subpoenas on their own. *United States v. Meredith*, 182 F.3d 934, 1999 WL 381128, at *1 (10th Cir. 1999). Rather, they must request that the court issue a subpoena. *See* FED. R. CIV. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). The court has "an inherent power to manage and control discovery" and may screen a pro se party's request for a subpoena to determine if the materials sought are within the scope of discovery. *See Waterman v. Groves*, No. 18-3092-JWB-KGG, 2020 WL 6044103, at *3 (D. Kan. Oct. 13, 2020) (granting an indigent pro se plaintiff's motion for service of subpoenas, noting that the information sought was "both generally discoverable and proportional to the needs of this case"), *objections overruled*, 2021 WL 63307 (D. Kan. Jan. 7, 2021), *reconsideration denied*, 2021 WL 764569 (D. Kan. Feb. 26, 2021); *see also Alexander v. Richter*, No. 15-CV-766-WMC, 2017 WL 1093289, at *1 (W.D.

Wis. Mar. 22, 2017) (screening a pro se party's request for issuance of a subpoena to ensure that "the desired subpoenas will be issued to only individuals and entities that are related to the lawsuit to avoid the unnecessary cost, inconvenience, and waste of judicial resources that may arise following issuance of a frivolous or irrelevant subpoena").

## I.   RELEVANCE AND PROPORTIONALITY

FED. R. CIV. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery available pursuant to a subpoena "is the same as the scope of discovery under Rule 26(b)." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 243598, at *3 (D. Kan. Jan. 16, 2020). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 15-9900-JWL, 2019 WL 5622318, at *2 & n.7 (D. Kan. Oct. 31, 2019) (recognizing the *Oppenheimer* relevance standard still exists after the 2015 amendments to Rule 26(b)(1)). In considering proportionality, the court examines "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). The court should always consider Rule 26(b)(1) proportionality standards in evaluating whether discovery is appropriate. *See* FED. R. CIV. P. 26 advisory committee's notes to the 2015 amendment (stating that the court has a "responsibility to consider the proportionality of all discovery and consider it in resolving

discovery disputes"); *see also Lawson*, 2020 WL 243598, at *3 (discussing the court's responsibility to evaluate proportionality).

Here, Simmons' complaint asserts claims for violations of the Americans with Disabilities Act, violations of his Eighth Amendment rights under 42 U.S.C. § 1983, negligence, and medical malpractice. (ECF 10.) According to the complaint, Simmons is legally blind. (*Id.* at 2.) He now seeks to subpoena his medical records relating to his "loss of vision" and "partially blind right eye[]" from Potosi, a facility where he was apparently previously incarcerated. (*See* ECF 60, at 4.) In a previous motion that Simmons filed, he stated that Potosi has over 17½ years of his medical records and an optometrist there determined that he was legally blind. (ECF 30, at 3.)

Documents relating to Simmons' alleged blindness would appear to have some relevance to his claims in this case, but the proposed subpoena is too broad. For example, Simmons seeks emergency room records, "ambulance trip sheets," and ICU records. (ECF 60, at 4.) It is not clear what relevance these records would have to an eye doctor's diagnosis and treatment of Simmons or how they would be important to resolving the issues in this case. And while Simmons specifies at first that he is seeking eye-related documents, he also asks Potosi to produce treatment records "for the alleged injuries that are the subject matter of this action." (*Id.*) It is not clear what Simmons means by this because the injuries he complains of in this lawsuit allegedly occurred at El Dorado Correctional Facility and not while he was incarcerated in Potosi. Finally, Simmons' proposed subpoena does not specify any particular time period. Assuming Simmons' prior representation to the court regarding the years he spent in Potosi is correct, he potentially seeks nearly two decades' worth of medical records. The court does not see how records spanning such a length of time would be relevant and proportional here, particularly where it appears that Simmons seeks the records merely to show that an optometrist at Potosi determined that he was

legally blind.  (*See* ECF 30, at 3.)  Simmons' motion is therefore denied as seeking irrelevant and overbroad information, which is disproportional to the needs of the case.

**II.     PLACE OF COMPLIANCE**

Simmons' motion is also denied as unduly burdensome with respect to the place of compliance.  A party seeking to obtain documents through "a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED. R. CIV. P. 45(d)(1).  "The court for the district where compliance is required must enforce this duty . . . ."  *Id.*

Here, Simmons' proposed subpoena specifies that the documents must be produced at five locations: the offices of counsel for defendant Gordon Harrod in Overland Park, Kansas; the offices of counsel for defendants William Wade and Corizon Health, Inc. in Kansas City, Missouri; the offices of counsel for defendant Sam Cline in Topeka, Kansas; the clerk's office in Topeka, Kansas; and El Dorado Correctional Facility, where Simmons is incarcerated.  (ECF 60, at 4.)  The Federal Rules contemplate that a non-party produce documents once.  Therefore, it would be unduly burdensome to require Potosi to produce documents five times pursuant to a single subpoena.  Simmons' motion is therefore also denied on this basis.

Further, the place of compliance for a subpoena to produce documents must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  FED. R. CIV. P. 45(c)(2)(A).  But "[a] person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial."  FED. R. CIV. P. 45(d)(2)(A).  "[C]ourts in this district have repeatedly acknowledged that where a subpoena does not require attendance of any witnesses – only production of documents – there is no violation of the 100-mile limitation of Rule 45."  *Watts Constructors, LLC v. Boneso Bros. Constr., Inc.*, No.

20-MC-00211-EFM-JPO, 2020 WL 6544590, at *2 (D. Kan. Nov. 6, 2020); *but see RSUI Indem. Co. v. Nat'l Rifle Ass'n of Am.*, No. MC-20-6-D, 2020 WL 4194526, at *2 (W.D. Okla. July 21, 2020) (quashing a document subpoena requiring a non-party located on the east coast to produce documents in Oklahoma, where the non-party did not agree to waive the 100-mile requirement).

It is unclear whether Simmons intends for documents to produced in person. Potosi, which appears to be a Missouri Department of Corrections ("MDOC") facility, is located more than 100 miles away from each specified place of production. The court notes, however, that MDOC does appear to operate within 100 miles of the Kansas City metropolitan area, inclusive of Topeka. Ultimately, the court will not deny Simmons' motion based on the 100-mile limitation. But any future requests for issuance of a subpoena must specify whether appearance is expected.

**III.   SIMMONS MAY RENEW HIS MOTION.**

While the court denies Simmons' present motion, the motion is denied without prejudice. The court directs the clerk's office to send Simmons a blank copy of form AO 88B – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. Simmons may complete this form, keeping in mind that the documents he seeks should be more narrowly tailored in scope, *i.e.* medical records pertaining to the diagnosis and treatment of his eye condition(s) spanning a reasonable time period. The subpoena must specify only one place of compliance, and, if Simmons requests that Potosi comply with the subpoena by mailing responsive documents to him at El Dorado Correctional Facility, he must state this in the subpoena. Simmons may then file a renewed motion for issuance of a subpoena and attach the completed form. Any renewed motion must be limited to three pages and contain an explanation of how the material he seeks is relevant to his claims in this case.

The court also reminds Simmons that he will be responsible for serving any subpoena that the court allows. Where a plaintiff proceeds in forma pauperis ("IFP"), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). The majority of courts have construed this statute as authorizing the court to direct the United States Marshals Service ("USMS") to serve an indigent party's subpoena. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1006 (3d ed) (collecting cases). But Simmons is not proceeding IFP in this case. (*See* ECF 9, at 9 (denying Simmons' motion to proceed IFP as moot after he paid the filing fee).) Absent IFP status, Simmons "is not entitled to use the [USMS] to serve his subpoenas." *Reed v. Barcklay*, No. CV-11-01339-PHX-JAT, 2012 WL 2413074, at *3 (D. Ariz. June 26, 2012).

**IT IS THEREFORE ORDERED** that plaintiff Willie Simmons' motion for issuance of a subpoena (ECF 60) is denied without prejudice for the reasons stated above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to Simmons by regular mail, along with a copy of form AO 88B – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

**IT IS SO ORDERED.**

Dated March 18, 2021, at Topeka, Kansas.

> s/ Angel D. Mitchell
> Angel D. Mitchell
> U.S. Magistrate Judge