IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

    Plaintiff,

    v.

SAM CLINE, *et al.*,

    Defendants.

Case No. 20-3096-HLT-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Sam Cline's ("Cline") Renewed Motion to Stay Discovery (ECF 71) and Motion for an Extension of Time (ECF 74). The court entered a Scheduling Order on March 18, 2021 (ECF 64), opening discovery in this case and setting various deadlines beginning April 19. Cline's Renewed Motion to Stay Discovery seeks an order staying all discovery as to him pending the district judge's ruling on his Motion to Dismiss and for Summary Judgment (ECF 37). And because Cline's motion to stay discovery was still pending prior to April 19, he filed a Motion for an Extension of Time seeking a 30-day extension of the April 19 deadlines. For the reasons discussed below, the court declines to stay discovery as to Cline pending the district judge's ruling on his dispositive motion. Because the court is not staying discovery as to Cline, his motion for a 30-day extension of the April 19 deadlines is granted.

**I.      BACKGROUND**

Pro se plaintiff Willie Simmons is incarcerated at El Dorado Correctional Facility. His broad complaint alleges violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act, a 42 U.S.C. § 1983 claim for violations of his Eighth Amendment rights, a

1

negligence claim, and a medical malpractice claim.  (ECF 10.)  The defendants include Cline, who is the Warden of the El Dorado Correctional Facility; Corizon Health, Inc. ("Corizon"), a company that contracts with the Kansas Department of Corrections ("KDOC") to provide medical services to inmates; and healthcare providers William Wade ("Wade") and Gordon Harrod ("Harrod").

The court's screening order allowed three claims to proceed against Cline: (1) an ADA and Rehabilitation Act official-capacity claim arising out of KDOC's alleged failure to accommodate Simmons' disabilities; (2) a § 1983 individual-capacity claim arising out of black mold in the facility showers; and (3) a negligence individual-capacity claim arising out Simmons slipping and falling in the showers.  (ECF 11, at 3-6.)  On December 23, 2020, Cline filed a dispositive motion seeking either dismissal under FED. R. CIV. P. 12(b)(1) and (6) or summary judgment under FED. R. CIV. P. 56 on all claims against him.  (ECF 37.)  Cline also filed a motion to stay discovery and related activities as to him pending a ruling on his dispositive motion.  (ECF 40.)  The court denied this motion as premature because discovery had not yet commenced.  (ECF 41.)

After Harrod appeared in the case belatedly,[1] the court entered a scheduling order to initiate and govern discovery.  (ECF 64.)  Cline thereafter filed the current motion renewing his request that the court stay discovery as to him until his pending dispositive motion is decided.  (ECF 71.)  No party—including Simmons—filed a response to Cline's Renewed Motion to Stay Discovery.  Corizon, Wade, and Harrod have not filed dispositive motions or moved to stay discovery.

---

[1] A Waiver of Service of Summons was issued as to Harrod on September 9, 2020.  When he did not enter an appearance by December 21, the court ordered service be attempted by the United States Marshals Service.  (ECF 36.)

## II. CLINE'S RENEWED MOTION TO STAY DISCOVERY

### A. Legal Standard

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)). Additionally, a court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" pursuant to FED. R. CIV. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) (discussing Rule 26(c)). Stays are disfavored, however, because they "can delay a timely resolution of the action." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020). Further, "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *See Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019) (citing *Clinton*, 520 U.S. at 706).

This District's longstanding policy is to not stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order

3

staying discovery generally." *Cont'l Ill.*, 130 F.R.D. at 148. A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold*, 2019 WL 2438677, at *2. "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

**B.     Cline has not established that a stay of discovery is warranted.**

Cline has not shown that a stay of discovery is warranted as to him only at this procedural juncture. Although Cline raises Eleventh Amendment immunity in his dispositive motion, that defense applies only to official-capacity claims for damages against him. Most of Simmons' claims against Cline do not fall into this category. The court will therefore not stay discovery on this basis.

Cline argues that a stay is appropriate because a ruling on his dispositive motion is likely to resolve all claims against him, and allowing discovery to proceed as to him while that motion is pending would be premature, wasteful, and burdensome given Simmons' previous filing patterns. Cline also argues that discovery is unnecessary to resolve his dispositive motion because several grounds on which he seeks dismissal require analysis only of the complaint, and, further, Simmons has already responded to the pending motion.

The court has reviewed the briefing on Cline's pending dispositive motion. It appears that a ruling on that motion is likely to at least narrow the claims against Cline, and Simmons did not apparently believe that he required discovery to prepare his response. But it is not clear that a ruling on Cline's pending dispositive motion will likely resolve all claims against him. For

example, Cline argues that Simmons failed to exhaust administrative remedies as to his § 1983 and negligence claims. Simmons has pointed to grievances he submitted to rebut this argument, which Cline contends are altered or fabricated. But even beyond the issue of fabrication, it appears that there may be fact questions as to what grievances Simmons submitted and/or appealed, as well as the scope of those grievances. As another example, Cline argues as to the accommodation-related claims that Simmons did not actually require a sign language interpreter, and therefore Cline is entitled to summary judgment because Simmons had meaningful access to KDOC's services. But it appears that Simmons disputes those contentions, and failure to provide an inmate with an interpreter for "high-stakes interactions such as health care visits" may violate the ADA and Rehabilitation Act. *See, e.g.*, *McBride v. Michigan Dep't of Corr.*, 294 F. Supp. 3d 695, 700, 716 (E.D. Mich. 2018) (overruling objections to magistrate judge recommendation that inmate plaintiffs be granted summary judgment on the interpreter aspect of their ADA and Rehabilitation Act claims). The court will not presume to predict how the district judge will rule on Cline's pending dispositive motion. But, in view of the above, the court cannot at this time conclude that it is *likely* that all of the claims against Cline will be resolved upon that ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

    Cline also has not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although Cline contends that discovery would be "extremely burdensome" given the quality of Simmons' filings so far and "likely prompt significant motion practice" (ECF 71, at 4), this is speculation at this

juncture.  It does not appear that Simmons has attempted to seek discovery from any party yet, and discovery has been open for over a month.

In addition, Cline has not shown that a stay of discovery as to him alone is warranted here. The result would be piecemeal discovery in which Corizon, Wade, and Harrod would be participating in discovery while Cline would be the sole defendant allowed to sit out.  This would not further "the just, speedy, and inexpensive determination of [this] action," FED. R. CIV. P. 1, but would instead result in inefficient litigation that would unnecessarily delay resolution of the case to the extent that Cline's pending dispositive motion is ultimately denied.  *See Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *3 (D. Colo. Feb. 10, 2011) (stating that granting a stay as to only one defendant could result in piecemeal litigation and would "not [be] an efficient use of judicial resources").  This is of particular significance here, where discovery has already been delayed by months because of service issues with Harrod.  (*See* ECF 36 (ordering the United States Marshals Service to serve Harrod, when he had not entered his appearance in the case by December 21, 2020).)

The court therefore denies Cline's request for a stay.  In doing so, the court does not foreclose Cline's ability to seek relief at a later date.  For example, if Simmons serves discovery on Cline that is directed to issues that are not properly a part of the case, Cline may seek a protective order.  At this time, however, Cline's motion for blanket stay as to all discovery involving him is denied for the reasons discussed above.

### III.     CLINE'S MOTION FOR AN EXTENSION OF TIME

The court turns next to Cline's Motion for an Extension of Time.  (ECF 74.)  The Scheduling Order required designations of comparative fault and motions for a protective order to

govern the exchange of discovery to be submitted by April 19, 2021.[2] (ECF 64 ¶¶ 2, 6.) Because Cline's Renewed Motion to Stay Discovery was still pending as of April 16, Cline sought a 30-day extension of the April 19 deadlines to permit the court time to rule on his requested stay. Corizon, Wade, and Harrod do not oppose the requested extension. Cline did not confer with Simmons regarding the requested extension.

In view of the fact that the court declines to stay all discovery as to Cline, the court finds it appropriate to grant Cline's requested extension. Cline must file his designation of comparative fault and any motion for a protective order to govern the exchange of discovery by **May 19, 2021**. Except as modified herein, all other provisions of the Scheduling Order remain in effect. The schedule adopted in this order will not be modified except by leave of court upon a showing of good cause.

## IV.     CONCLUSION

Cline's renewed motion to stay is denied because he has not met his burden to show that a stay of discovery is appropriate for the reasons discussed above. Because the court is not staying discovery as to Cline, his motion seeking a 30-day extension of the April 19 Scheduling Order deadlines is granted.

**IT IS THEREFORE ORDERED** that defendant Sam Cline's Renewed Motion to Stay Discovery (ECF 71) is denied.

---

[2] The Scheduling Order also required plaintiff to file any motions to amend the complaint or add parties by April 19. (ECF 64 ¶ 1.)

**IT IS FURTHER ORDERED** that defendant Sam Cline's Motion for an Extension of Time (ECF 74) is granted.  Cline must file his designation of comparative fault and any motion for a protective order to govern the exchange of discovery by **May 19, 2021**.

**IT IS SO ORDERED.**

Dated April 27, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
