IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIE SIMMONS,

    Plaintiff,

    v.

SAM CLINE, *et al.*,

    Defendants.

Case No. 20-3096-HLT-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Sam Cline ("Cline"), Corizon Health, Inc. ("Corizon"), William Wade ("Wade"), and Gordon Harrod's ("Harrod") Unopposed Motion to Stay Discovery or, in the alternative, for Extension of Time. (ECF 111.) By way of this motion, defendants ask the court to stay discovery pending the court's ruling on their dispositive motions (*see* ECF 37, 89, 98). Defendants ask, in the alternative if the court declines to stay discovery, for a 30-day extension of time to respond to pro se incarcerated plaintiff Willie Simmons' ("Simmons") discovery requests. Defendants state that Cline's counsel conferred with Simmons by video call on June 3, and Simmons "agreed with defendants' position that discovery should be stayed until the Court rules on the pending dispositive motions" and "agreed to an extension of discovery deadlines." (ECF 111, at 2.) For the reasons discussed below, the court grants the motion in that it will stay discovery pending the court's ruling on defendants' dispositive motions. Defendants' request for an extension of time to respond to discovery is therefore denied as moot.

I.    **BACKGROUND**

Simmons is incarcerated at El Dorado Correctional Facility. His broad complaint alleges violations of the Americans with Disabilities Act and Rehabilitation Act, a 42 U.S.C. § 1983 claim for violations of his Eighth Amendment rights, a negligence claim, and a medical malpractice

claim. (ECF 10.) The defendants include Cline, who is the Warden of the El Dorado Correctional Facility; Corizon, a company that contracts with the Kansas Department of Corrections to provide medical services to inmates; and healthcare providers Wade and Harrod.

On December 23, 2020, Cline filed a dispositive motion seeking either dismissal or summary judgment on all claims against him, arguing, *inter alia*, that Simmons failed to exhaust his administrative remedies. (ECF 37.) Simmons responded to the motion, and it has been fully briefed since March 26. (*See* ECF 67.) Concurrent with that motion, Cline also filed a motion to stay discovery and related activities as to him pending a ruling on his dispositive motion. (ECF 40.) The court denied this motion as premature because discovery had not yet commenced. (ECF 41.)

After the court entered a scheduling order to initiate and govern discovery (ECF 64), Cline filed a motion renewing his request that the court stay discovery as to him until his pending dispositive motion is decided. (ECF 71.) The court denied that motion on April 27, 2021, finding that Cline had not shown a stay was warranted. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270 (D. Kan. Apr. 27, 2021). The court's order explained that no other defendant had filed a dispositive motion or moved for a stay, and therefore granting Cline's requested stay would result in "piecemeal discovery in which Corizon, Wade, and Harrod would be participating in discovery while Cline would be the sole defendant allowed to sit out." *Id.* at *3. Rather than furthering "the just, speedy, and inexpensive determination of [the] action," *see* FED. R. CIV. P. 1, granting a stay only as to defendant Cline "would instead result in inefficient litigation that would unnecessarily delay resolution of the case to the extent that Cline's pending dispositive motion is ultimately denied." *Id.* The court did not, however, foreclose Cline's ability to seek relief at a later date if circumstances changed.

Since the court's April 27 order, Corizon and Wade filed a motion for summary judgment on May 7 (ECF 89), and Harrod filed a motion for summary judgment on May 18 (ECF 98). These defendants argue that summary judgment is appropriate as to all claims against them because Simmons failed to exhaust his administrative remedies. (*See* ECF 111, at 2.) Simmons responded to these motions, and they were fully briefed as of June 3. (*See id.*)

## II. DISCUSSION

The decision to stay proceedings lies within the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Given that Simmons has expressed his agreement with defendants' requested stay, the court grants defendants' motion as unopposed. D. KAN. RULE 7.4(b) ("Ordinarily, the court will grant [an uncontested] motion without further notice.").

Defendants' motion is also granted on the merits. This District's longstanding policy is to not stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

Here, all defendants now seek summary judgment on all claims pending against them, arguing that Simmons failed to exhaust his administrative remedies. (ECF 111, at 3.) The court's concern regarding inefficient, piecemeal litigation discussed in the April 27 order is now lessened. If defendants prevail on their motions, the majority of this case will be resolved because "[t]he Prison Litigation Reform Act ('PLRA') requires inmates to exhaust 'such administrative remedies

3

as are available' before initiating suit over prison conditions."[1] *Nunez v. Heimgartner*, No. 15-3259-EFM-DJW, 2017 WL 2264466, at *5 (D. Kan. May 24, 2017) (analyzing whether the pro se prisoner plaintiff exhausted administrative remedies as to his § 1983 and personal injury claims). Discovery on the issues raised in defendants' dispositive motions would appear to be unnecessary at this juncture, given that Simmons has filed responses to all three motions and has agreed to a stay of discovery. And, as defendants point out, discovery on the merits of Simmons' claims would be wasteful and burdensome if he did not properly exhaust them. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

Discovery in this matter is now stayed pending the court's ruling on defendants' dispositive motions. The court vacates the remaining deadlines in the scheduling order (ECF 64). Should any of Simmons' claims survive, the court will enter an amended scheduling order following the district judge's ruling.

**IT IS THEREFORE ORDERED** that defendants Sam Cline, Corizon Health, Inc., William Wade, and Gordon Harrod's Unopposed Motion to Stay Discovery or, in the alternative, for Extension of Time (ECF 111) is granted in part and denied in part. The court stays discovery pending a ruling on defendants' dispositive motions and vacates the remaining scheduling order deadlines. Defendants' request for an extension of time to respond to Simmons' discovery is denied as moot.

---

[1] Cline does not make exhaustion arguments as to the disability-related claims Simmons brings against him, but Cline contends that he is entitled to judgment in his favor on other grounds. (*See* ECF 38.)

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to plaintiff Willie Simmons by regular mail.

**IT IS SO ORDERED.**

Dated June 9, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
